Kelsey Harclerode (SBN 313976)
ZWILLGEN PLLC
1900 M Street NW
Suite 250
Washington, DC 20036
(202) 296-3585
kelsey@zwillgen.com

*Attorneys for Respondent*
**YAHOO! INC.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLANREWAJU SURAJU and THE HUMAN AND ENVIRONMENTAL DEVELOPMENT AGENDA,<br><br>Petitioners,<br><br>- to take discovery of -<br><br>YAHOO! INC. and J.P. MORGAN CHASE, INC.,<br><br>Respondents. | Case No. 3:22-mc-80072<br><br>**YAHOO'S OPPOSITION TO PETITIONER'S APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

## I. INTRODUCTION

Petitioners Olanrewaju Suraju and The Human and Environmental Development Agenda ("Petitioners") seek at least eight years of emails and related records associated with three Yahoo accounts, purportedly for use in two proceedings in Nigeria. DKT. 1-1 at 9-10. The first proceeding involves Petitioner Suraju's claim for defamation pending in a Nigerian court (the "Defamation Proceeding"). *Id*. at 8. The Defamation Proceeding centers on whether Mr. Adoke sent a certain email from the Yahoo account agroupproperties@yahoo.com (the "June 21, 2011 Email"). The second proceeding involves criminal charges lodged against Petitioner Suraju (the "Criminal Proceeding"), though news reports confirm that the Criminal Proceeding has been dismissed. Agency Report, *Updated: Court Discharges HEDA Chair, Suraju, from Charges of Cyberstalking Adoke*, Premium Times (May 10, 2022), https://www.premiumtimesng.com/news/top-news/528807-updated-court-discharges-heda-chair-suraju-from-charges-of-cyberstalking-adoke.html.

Federal law strictly prohibits Yahoo from disclosing the emails requested by Petitioners. The Stored Communications Act bars the disclosure of email contents in response to a civil subpoena, including subpoenas issued pursuant to Section 1782. Accordingly, this Court should deny Petitioners' Application For An Order Pursuant To 28 U.S.C. § 1782 Granting Leave To Obtain Discovery For Use In Foreign Proceedings ("Application") or limit Petitioners' subpoena to records that do not reflect contents not subject to production under federal law.

## II. ARGUMENT

This Court should deny most of Petitioners' requests for discovery directed at Yahoo. Section 1782 grants courts broad authority to reject or modify unduly burdensome or intrusive requests. *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 265, 124 S. Ct. 2466, 2483, 159 L. Ed. 2d 355 (2004) ("unduly intrusive or burdensome requests may be rejected or trimmed"). Petitioners' requests numbers 2 through 4 and 7 through 11 are unduly burdensome and should be denied for three reasons: (1) Petitioners demand the production of the contents of email communications, which are strictly prohibited under the Stored Communications Act, 18

U.S.C. § 2701, *et seq*. (the "SCA"); and (2) none of the exceptions to the SCA's prohibition on disclosure apply here; and (3) this discovery should be obtained from the parties to the communications, not from Yahoo. Yahoo does not object to Requests number 1, 5, and 6 as improper under Section 1782, but notes that those Requests include demands for IP address records that are not within Yahoo's possession, custody, or control.

### A. The Bulk of Petitioners' Requested Discovery Is Barred by Federal Law

The SCA regulates the disclosure of email and other electronic communications by email providers to third parties, such as Petitioners. 18 U.S.C. § 2702(a)(1). The SCA is "at heart a broad prohibition on disclosure with limited and carefully regulated exceptions." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 975 (C.D. Cal. 2010). The SCA is "based on fundamental principles of protecting the secrecy of electronic communications." *In re Toft*, 453 B.R. 186, 201 (Bankr. S.D.N.Y. 2011). The SCA specifically provides that:

> [A] person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage. . . .

18 U.S.C. § 2702(a)(1).[1] The statute similarly prohibits the disclosure of the contents of other stored files maintained on behalf of users, providing:

> (2)   a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service—
>
> (A)   on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;
>
> (B)   solely for the purpose of providing storage or computer

---

[1] The statute defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications . . . ." 18 U.S.C. § 2510(15). Additionally, "'[E]lectronic storage' means . . . temporary, intermediate storage . . . incidental to . . . electronic transmission [, or] storage . . . for purposes of backup protection." *Id.* § 2510(17)(A)-(B).

processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing[.]

*Id.* § 2702(a)(2)–(a)(2)(B).[2]

Accordingly, the SCA bars Yahoo from divulging the contents of its users' communications to a third party, absent an applicable exception. Courts have repeatedly cautioned that the eight enumerated exceptions to the SCA, 18 U.S.C. § 2702(b)(1)-(8), should be read narrowly. *See Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011); *United States v. Councilman*, 418 F.3d 67, 75-76 (1st Cir. 2005) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.") (quoting *TRW, Inc. v. Andrews*, 534 U.S. 19, 28 (2001)). In the same fashion, courts have uniformly declined to create an "implicit exception to the [SCA] for civil litigation" because doing so "would erode the safety of the stored electronic information and trigger Congress' privacy concerns." *Suzlon*, 671 F.3d at 730; *see also Crispin*, 717 F. Supp. 2d at 975 (holding where Congress has excluded an exception for disclosure, one cannot be implied, as "[s]uch an inference cannot be drawn on the basis of statutory silence alone"); *Viacom Int'l Inc. v. Youtube, Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (finding the SCA "contains no exception for disclosure of such communications pursuant to civil discovery requests"). Thus, "it is well-established that civil subpoenas . . . are subject to the prohibitions of the Stored Communications Act." *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, C 12-80242 EJD (PSG), 2013 WL 256771, at *1 (N.D. Cal. Jan. 23, 2013); *see also In re Irish Bank Resolution Corp. Ltd. (in Special Liquidation)*, 559 B.R. 627, 652-

---

[2] "'[R]emote computing service'" is defined as "provi[ding] to the public . . . computer storage or processing services by means of an electronic communications system . . . ." 18 U.S.C. § 2711(2).

3

53 (Bankr. D. Del. 2016) (bankruptcy court lacks authority "to order an email service provider to divulge the contents of electronic communications without the consent of the account user" because it "may not order relief that results in a violation [of] the U.S. Constitution or other federal law"); *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) (finding that civil subpoenas were not among the enumerated exceptions to the SCA's limitations, and "[t]o rule otherwise would run afoul of the 'specific [privacy] interests that the [SCA] seeks to protect'") (quoting *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004)); *Bower v. Bower*, 808 F. Supp. 2d 348, 350-51 (D. Mass. 2011) (denying motion to compel Yahoo to comply with civil discovery subpoena to produce email contents because SCA "precludes Yahoo! . . . from producing the requested emails"); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611-12 (E.D. Va. 2008) (upholding magistrate's ruling quashing subpoena which sought material protected by the SCA); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1442-47 (Cal. Ct. App. 2006) (finding SCA contains no exception that applies to civil discovery). Under the SCA, the contents of communications include not just the body of emails, but subject lines, attachments, and contact lists.[3] Accordingly, the Petitioners' demands for the content of communications—all their Requests to Yahoo, save Requests number 1, 5, and 6—run afoul of the SCA unless Petitioners' request qualifies for one of the eight exceptions. But as discussed below, they do not.

**B.  There Is No Exception to the SCA for Civil Discovery Pursuant to Section 1782**

There is no SCA exception allowing Yahoo to disclose content to response to an Order granting a Section 1782 request or a subpoena issued pursuant to such an order.  *See* 18 U.S.C.

---

[3] The term "contents," with respect to any electronic communication, is defined as "any information concerning the substance, purport, or meaning of . . . any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature . . . ." 18 U.S.C. §2510(8), (12).

4

§ 2702(b). Congress's broad prohibition against a service provider's disclosure of the contents of electronic communications wholly bars the relief Petitioners seek with respect to the contents of the target accounts. *See Bower*, 808 F. Supp. 2d at 350-51 (denying motion to compel Yahoo to comply with civil discovery subpoena to produce email contents because "the SCA precludes Yahoo! . . . from producing the requested emails"); *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d at 611 ("Applying the clear and unambiguous language of § 2702 to this case, AOL . . . may not divulge the contents of the [] electronic communications . . . because the statutory language . . . does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas"); *Viacom Int'l, Inc.*, 253 F.R.D. at 256 (the SCA prohibits disclosure of information pursuant to a civil discovery subpoena because the Act "contains no exception for disclosure of such communications pursuant to civil discovery requests"); *O'Grady*, 139 Cal. App. 4th at 1442-47 (finding the SCA contains no exception that applies to civil discovery).  These cases underscore the seriousness of Yahoo's obligation to maintain the privacy of its users' stored communications.

Many courts have held that a Section 1782 Application is no different from the civil subpoenas in the cases cited above. *See Republic of Gambia v. Facebook, Inc.*, No. MC 20-36 (JEB), 2021 WL 5758877, at *6 (D.D.C. Dec. 3, 2021) (finding that SCA prohibits disclosure of the contents of electronic communications in response to a Section 1782 Application); *In re Takai*, No. 21-mc-80245-TSH, 2021 WL 5205583, at *6 (N.D. Cal. Nov. 9, 2021) (granting Section 1782 Application aimed at Google because requests did not seek content prohibited by SCA); *Xie v. Lai*, No. 19-mc-80287-SVK, 2019 WL 7020340, at *5 (N.D. Cal. Dec. 20, 2019) (denying Section 1782 Application with respect to the subject lines of emails because they "are content protected by the SCA and cannot be discovered"); *Super Vitaminas, S. A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *3 (N.D. Cal. Nov. 20, 2017) ("It is well-established that civil subpoenas,

including those issued pursuant to § 1782, are subject to the prohibitions of the [SCA]"). So, too, here. Absent an exception to the SCA allowing disclosure of content pursuant to civil discovery process, Yahoo is bound by the SCA's general bar to disclosure. Accordingly, the Application should be denied with respect to Petitioners' Requests number 2 through 4 and 7 through 11.

### C. Due to the Dismissal of the Criminal Proceeding, It Is Unclear Whether the Records Sought Will Be Used in a Foreign Tribunal

Petitioners have not shown that all the records they request will be used in a foreign tribunal. Petitioners relied upon two foreign tribunal proceedings in Nigeria: the Defamation Proceeding and the Criminal Proceeding. The latter has been dismissed, leaving just the Defamation Proceeding. Agency Report, *Updated: Court Discharges HEDA Chair, Suraju, from Charges of Cyberstalking Adoke*, Premium Times (May 10, 2022), https://www.premiumtimesng.com/news/top-news/528807-updated-court-discharges-heda-chair-suraju-from-charges-of-cyberstalking-adoke.html. The Defamation Proceeding appears to focus on whether or not Mr. Adoke sent the June 21, 2011 Email. DKT. 1 at 10. Petitioners have failed to demonstrate which records, aside from those directly related to the June 21, 2011 Email, will be used in the Defamation Proceeding, which is now the only proceeding still pending. Accordingly, Petitioners have failed to establish that any records other than those directly tied to the June 21, 2011 Email will be used in a foreign tribunal.

### III. CONCLUSION

Federal law prohibits most of the discovery that Petitioners seek from Yahoo. Accordingly, the Court should deny the Application with prejudice or, in the alternative, narrow Petitioners' requested discovery to their proposed Requests number 1, 5, and 6, excluding the contents of electronic communications, to be answered by Yahoo within 30 calendar days of the entry of an Order by this Court, without prejudice to any party seeking additional relief from this Court.

| | | |
|---|---|---|
| 1 | DATED: June 8, 2022 | ZWILLGEN LAW LLP |
| 2 | | |
| 3 | | By: /s/ Kelsey Harclerode |
| | | Kelsey Harclerode (SBN 313976) |
| 4 | | ZWILLGEN PLLC |
| | | 1900 M Street NW, Suite 250 |
| 5 | | Washington, DC 20036 |
| | | (202) 296-3585 |
| 6 | | kelsey@zwillgen.com |
| | | Attorneys for Respondent |
| 7 | | **YAHOO! INC.** |

7

OPPOSITION TO PETITIONERS' APPLICATION FOR ORDER                                    Case No. 3:22-mc-80072
PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, I electronically filed the foregoing **YAHOO'S OPPOSITION TO PETITIONER'S APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Catherine Sweetser
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
9415 Culver Boulevard, #115
Culver City, CA 90232
Telephone: (310) 396-0731
Email: csweetser@sshhzlaw.com

Paul Hoffman
John C. Washington
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
200 Pier Avenue # 226
Hermosa Beach, CA 90254
Telephone: (310) 396-0731
Fax: (310) 396-0731
Email: hoffpaul@aol.com
jwashington@sshhzlaw.com

/s/ Kelsey Harclerode
Kelsey Harclerode (SBN 313976)
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
(202) 296-3585
kelsey@zwillgen.com
Attorneys for Respondent
**YAHOO! INC.**

8

OPPOSITION TO PETITIONERS' APPLICATION FOR ORDER   Case No. 3:22-mc-80072
PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY