Lindsey Barnhart (Bar No. 294995)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: +1 (650) 632-4700
Facsimile: +1 (650) 632-4806
Email:  lbarnhart@cov.com

*Attorneys for Respondent J.P. Morgan Chase National Corporate Services, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re Ex Parte Application of<br><br>OLANREWAJU SURAJU and THE HUMAN AND ENVIRONMENTAL DEVELOPMENT AGENDA,<br><br>                    Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from<br><br>YAHOO!, INC. and J.P. MORGAN CHASE, INC.,<br><br>                    Respondents,<br><br>For use in Foreign Proceedings. | CASE NO. 3:22-mc-80072-SK<br><br>**DECLARATION OF GODWIN OMOAKA, SAN IN SUPPORT OF J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.'S OPPOSITION TO APPLICATION FOR LEAVE TO OBTAIN DISCOVERY UNDER 28 U.S.C. § 1782** |

I, Godwin Omoaka, SAN, declare as follows:

1. I am a Senior Advocate of Nigeria (the equivalent of the English Queen's Counsel) and Partner in the Dispute Resolution Practice Group of Templars, one of the leading law firms in Nigeria, which has offices in Lagos and Abuja, Nigeria. I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would testify competently thereto.

2. I understand that Olanrewaju Suraju and the Human and Environmental Development Agenda have submitted to this Court an Application for Leave to Obtain Discovery Under 28 U.S.C. § 1782 (the "Section 1782 Application"). I have reviewed the Section 1782 Application, including its exhibits. I submit this declaration in support of J.P. Morgan Chase National Corporate Services, Inc.'s Opposition to the Section 1782 Application.

3. I am a graduate of the Ahmadu Bello University, Zaria, Nigeria where I obtained my Bachelor of Laws (LL.B.) degree with Honours in July 1997. I qualified as a barrister and solicitor in Nigeria in September 1999, having passed the qualification examinations. I also hold a Master of Laws (LL.M.) degree from the University of Law, United Kingdom.

4. To date, I have over twenty years of active arbitration and courtroom experience relating to a wide variety of disputes in oil and gas, construction, taxation, white collar, and general private and public law issues. In 2019, I was conferred with the rank of Senior Advocate of Nigeria, as mentioned above, in recognition of my written and oral advocacy, understanding and application of substantive and procedural Nigerian law, and integrity in the practice of law.

5. On May 10, 2022, Nigerian prosecutors withdrew all remaining criminal charges against Olanrewaju Suraju in *Federal Republic of Nigeria v. Olanrewaju Suraju*, Charge No. FHC/ABJ/CR/370/2021, and the Honourable Justice B.F.M. Nyako of the Federal High Court in Abuja, Nigeria discharged Mr. Suraju. These actions terminated the criminal proceeding against Mr. Suraju. Attached as **Exhibit 1** is a true and correct copy of the Order of the Federal High Court of Nigeria, Abuja Judicial Division, in *Federal Republic of Nigeria v. Olanrewaju Suraju*, Charge No. FHC/ABJ/CR/370/2021, dated May 10, 2022.

6. Before the criminal charges against Mr. Suraju were withdrawn, the Federal High Court had issued subpoenas to several persons including Abubakar Malami, SAN. Attached as **Exhibit 2** is a true and correct certified copy of the subpoena issued to Abubakar Malami, SAN, on March 23, 2022, by the Federal High Court of Nigeria, Abuja Judicial Division, in *Federal Republic of Nigeria v. Olanrewaju Suraju*, Charge No. FHC/ABJ/CR/370/2021.

7. Attached as **Exhibit 3** is a true and correct copy of a printout of a webpage entitled "Hagf Minister of Justice," as it appeared on May 31, 2022, on the website of the Federal Ministry of Justice of Nigeria at https://justice.gov.ng/hagf-minister-of-justice.

8. I understand from the Declaration of Anita Oloruntola and the exhibits thereto—which Mr. Suraju has submitted in support of the Section 1782 Application—that Mr. Suraju initiated a civil action for defamation against Mohammed Bello Adoke, SAN, in the High Court of the Federal Capital Territory, Nigeria, on or about June 30, 2021.

9. I understand that, in connection with the Section 1782 Application, Mr. Suraju has requested from J.P. Morgan Chase National Corporate Services, Inc. copies of emails from three Yahoo accounts that he contends belong to Nigerian nationals Mohammed Bello Adoke (mbadoke@yahoo.com), Abubakar Aliyu (agroupproperties@yahoo.com), and Abubakar Malami (ayaymalami@yahoo.co.uk).

10. I know that Mr. Suraju is allowed, under the applicable rules of the relevant Court and by the Nigerian Evidence Act 2011 and case law, to obtain copies of the email correspondence relating to mbadoke@yahoo.com from Mr. Adoke, who is a party to the suit between *Mr. Suraju v. Mohammed Bello Adoke, S.A.N.*, with Suit No. CL/1353/2021 currently pending at the High Court of the Federal Capital Territory, Nigeria (the "Civil Proceedings"), through documentary discoveries, interrogatories, request for documents and inspections.

11. I know that Order 28, Rules 1 to 15 of the High Court of the Federal Capital Territory Civil Procedure Rules, 2018 (the "Rules") make extensive provisions relating to documentary discoveries, interrogatories, request for documents and inspections from an opposing party in an action before the High Court of the Federal Capital Territory, Nigeria, where the Civil Proceedings are pending.

12. Furthermore, section 91 of the Nigerian Evidence Act 2011 provides that a party in a suit can issue a "Notice to Produce" to the other party, requesting the latter to produce original copies of the documents in its possession, failing which the requesting party may rely on any other secondary evidence, including oral evidence, as proof of the document requested. As a further consequence of failing to produce the document requested and depending on the reason(s) for the non-production, the Court may, by virtue of section 167(d) of the Nigerian Evidence Act 2011 make a presumption that the said document which the other party failed to produce would have been unfavourable to that party if it had been produced.

13. I know that Mr. Suraju is further entitled under sections 218, 219, 253 of the Nigerian Evidence Act 2011 to request subpoenas from a Nigerian Court to compel the attendance of Nigerian nationals Abubakar Aliyu (agroupproperties@yahoo.com), and Abubakar Malami (ayaymalami@yahoo.co.uk), who are non-parties to the Civil Proceedings, to produce the email correspondences involving them before the court in the Civil Proceedings. For instance, section 218 of the Nigerian Evidence Act 2011 provides: "*A person, whether or not a party in a cause, may be summoned to produce a document without being summoned to give evidence, and if he causes such document to be produced in court the court may dispense with his personal appearance*".

14. And section 219 of the Nigerian Evidence Act 2011 provides that: "*A person summoned to produce a document does not become a witness by the mere fact that he produces it and cannot be cross-examined unless and until he is called as a witness*".

15. Similarly, Order 34 Rule 9 of the Rules provides: "*The court may at any stage of any proceedings order the attendance of any person for the purpose of producing any writings or other documents named in the order: but no person shall be compelled to produce under any such order, any writing or other document which he could not be compelled to produce at the hearing or trial*".

16. Order 34 Rules 10 and 12 of the Rules further reinforces the fact that such persons who refused to comply with the order or subpoenas issued by a Nigerian Court shall be held to be in contempt of the court and shall be dealt with accordingly by the Judge. In this regard, Order 34 Rule 10 of the Rules provides: "*Any person wilfully disobeying any order requiring his attendance for the purpose of being examined or producing any document shall be in contempt of court, and may be dealt with accordingly*".

17. Reflecting the foregoing, Order 34 Rule 12 provides: "*If any person summoned by subpoena to attend for examination refuses to attend or if having attended, refuses to be sworn or answer any lawful question he shall be in contempt of court and may be dealt with accordingly by the judge*".

18. Where the person against whom a subpoena is issued fails to comply with the subpoena, the Supreme Court of Nigeria—the highest judicial authority in Nigeria—has held, in *Buhari v. Obasanjo* (2005) 13 NWLR (Pt. 941) 1 at 194 D-E, that the requesting party may, amongst other things, request the court *"…to initiate committal proceedings for contempt"* against the defaulting party.

19. In I.N.E.C v. Oshiomhole (2009) 4 NWLR (Pt. 1132) 607 at 664 C-D, the Court of Appeal held that: *"Being subpoenaed to appear before a Tribunal is therefore a very serious matter, and not one that can be treated with levity. Thus, the person must produce the documents as commanded in the subpoena, or suffer the penalty"*.

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 7, 2022, at Lagos, Nigeria.

By: 
Godwin Omoaka, SAN
TEMPLARS
The Octagon Building
13A, A.J. Marinho Drive
Victoria Island, Lagos, Nigeria
Telephone: +234 (1) 2703982
godwin.omoaka@templars-law.com



THIS DECLARATION OF GODWIN OMOAKA WAS NOTARIZED BY ME:
THIS 7TH DAY OF JUNE 2022

**INAM A. WILSON**
NOTARY PUBLIC
LAGOS NIGERIA

