# EXHIBIT 2

# Moran, Jordan

| | |
|---|---|
| **From:** | Soukup, Andrew |
| **Sent:** | Wednesday, March 2, 2022 8:58 AM |
| **To:** | Cathy Sweetser |
| **Cc:** | Moran, Jordan; John Washington; hoffpaul@aol.com; csweetser@sshhzlaw.com |
| **Subject:** | RE: J.P. Morgan Chase |

Catherine:

Thank you for your note. We understand that the circumstances in Nigeria have changed since you first contacted us, and my client questions whether your client currently is eligible to pursue a Section 1782 petition to seek discovery from Yahoo. As you know, your client must establish that the material he seeks under Section 1782(a) is for use in a foreign or international tribunal, that he is an interested party in that proceeding, and that the material is relevant to the issues in the proceeding. *See, e.g.*, *Brandi-Dohrn v. IKB Deustche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Given developments in Nigeria, my client's understanding is that there may no longer be any proceedings that put the authenticity of the June 21, 2011 email at issue.

Can you please identify as specifically as possible the basis why your client still believes there is a basis under 1782 to request information from Yahoo or JPMC, including the specific foreign or internal proceedings where any discovery your client might obtain under 1782 be used and how that information might be used?

Best,

**Andrew Soukup**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066 | asoukup@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Friday, February 18, 2022 9:14 AM
**To:** Soukup, Andrew <asoukup@cov.com>
**Cc:** Moran, Jordan <JMoran@cov.com>; John Washington <jwashington@sshhzlaw.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com
**Subject:** Re: J.P. Morgan Chase

**[EXTERNAL]**
Dear Andrew,

If your client is unwilling to consent to the production from Yahoo of anything besides the original June 21, 2011 email, it seems we are at an impasse. Federal law makes clear that because you have the right to request the emails in Yahoo's possession yourself, they are in fact in your possession and control. *See Alma M. v. Nulick*, No. 1:15-cv-01386-JAM-SAB, 2017 U.S. Dist. LEXIS 4278, at *6-7 (E.D. Cal. Jan. 11, 2017); *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *Buckley v. Vidal*, 50 F.R.D. 271, 274 (S.D.N.Y.

1970).  Unless we hear that you are in fact open to consenting to the emails with JP Morgan and/or Chase addressees enumerated in our subpoena, we will include a motion requesting service of a subpoena under 1782 on your client with our motion regarding Yahoo.

Best,
Catherine Sweetser

On Thu, Feb 10, 2022 at 7:43 AM Soukup, Andrew <asoukup@cov.com> wrote:

> Catherine:
>
> My client does not see how a declaration will make a material difference as compared to a letter.  As we understand it, your client needs to represent to Yahoo that you tried to obtain the June 21, 2011 email and accompanying metadata from JPMC and were unable to do so because JPMC no longer has the email.  From JPMC's perspective, a letter should be sufficient to accomplish this task.  At this point, my client is unwilling to go through the burden associated with providing a declaration.
>
> As to the scope of JPMC's non-objection, it is limited to the original June 21, 2011 email.  JPMC cannot "consent" to the scope of the subpoena as written, because it seeks information unrelated to JPMC.  Nor is JPMC able to take a position as to other emails sent to or from JPMC that may be in Yahoo's possession, custody, or control, because we have not seen any emails Yahoo may have and might be inclined to produce.
>
> If this is acceptable, and if HEDA agrees not to seek further documents from JPMC, I anticipate that JPMC will be able to provide the forwarded email and associated metadata referenced in my email below and the letter sometime next week.
>
> Best,
>
> **Andrew Soukup**
>
> Covington & Burling LLP
> One CityCenter, 850 Tenth Street, NW
> Washington, DC 20001-4956
> T +1 202 662 5066 | asoukup@cov.com
> www.cov.com
>
> **COVINGTON**
>
> This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

2

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Friday, February 04, 2022 10:48 AM
**To:** Soukup, Andrew <asoukup@cov.com>
**Cc:** Moran, Jordan <JMoran@cov.com>; John Washington <jwashington@sshhzlaw.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Andrew,

Can you clarify your response as to the scope of your consent? First, in order to file an authenticated document with the court, we would prefer a declaration. We understand that a letter can also constitute consent, but in order to issue a subpoena to Yahoo we will need to proceed to court, and a declaration is the appropriate format to file with the court. If you have an issue with the substance, we can discuss that.

Second, can you clarify whether or not you agree to the scope of the subpoena as sent to you? I cannot tell from point two whether your client is *only* willing to issue consent as to the original email or whether your client is willing to consent to the scope of the subpoena as written. I am free this afternoon after 12:00 PM PST or on Monday for a call if you wish to discuss the scope further.

Best,

Catherine

On Wed, Jan 26, 2022 at 2:06 PM Soukup, Andrew <asoukup@cov.com> wrote:

> Catherine:
>
> Thank you for providing this additional information. We've had the chance to consult with our client.
>
> JPMC has conducted a second search of Mr. Lloyd's emails, this time for emails from May 28, 2011 to July 31, 2011 containing the phrase "agroupproperties" or "A Group Properties" and were sent to, from, ccing, or bccing the following 6 people: Mohammed Adoke, Tosin Adewuyi, Ian Lyall, Daniel White, Carmel Speers and Bayo Osolake. This search is sufficient to accomplish your objective of seeking evidence that "Mr. Adoke followed up with JP Morgan either by using agroup properties as an email address or getting the holder of that account to send the resolution agreements." JPMC did not identify any documents matching the parameters of your requested search.
>
> Any searches beyond than those JPMC has already conducted would appear to be unduly intrusive and burdensome as it relates to your objective of proving the authenticity of the June 21, 2011 email. However, in an effort to wrap this up, and on the condition that your client agrees not to seek further documents from JPMC, JPMC is willing to:

1.      Produce a copy of the June 21, 2011 email in which Mr. Osolake forwarded the June 21, 2011 email from agroupproperties@yahoo.com to Mr. Adewuyi, along with the associated metadata; and

2.      Provide a letter from Covington & Burling confirming that JPMorgan is the addressee of emails ending in "jpmorgan.com" or "chase.com", stating that JPMC would not object to Yahoo producing the June 21, 2011 email from agroupproperties@yahoo.com to Mr. Osolake pursuant to a valid subpoena from Mr. Suraju, and offering to answer any reasonable questions Yahoo might have.  We think the letter will be the most efficient path forward for both parties, as the declaration you provided us this morning raises some issues that will take time for us to work through.  We also don't see why a declaration is necessary, and why the letter we are proposing does not give the same information you need to obtain the email from Yahoo (even assuming a statement from JPMC is necessary).

Best,

**Andrew Soukup**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066 | asoukup@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Wednesday, January 26, 2022 8:05 AM
**To:** Soukup, Andrew <asoukup@cov.com>
**Cc:** Moran, Jordan <JMoran@cov.com>; John Washington <jwashington@sshhzlaw.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Counsel,

We are following up to see if you have any response on our request from last week.  Attached to this email we have provided the draft declaration of consent and our proposed subpoena to Yahoo. Please let us know your response as soon as possible.

Best,

4

Catherine Sweetser

On Wed, Jan 19, 2022 at 5:27 PM Cathy Sweetser <catherine.sdshhh@gmail.com> wrote:

Dear Andrew,

We are seeking evidence that Mr Adoke followed up with JP Morgan by either using agroupproperies as an email address or getting the holder of that account to send the resolution agreements. This evidence would be probative both in the criminal action you mention and in the contemplated defamation action by Mr. Suraju against Mr. Adoke, by showing that Mr. Adoke was actually using that address or someone was doing so on his behalf. We have limited our request in time to a couple months, during which time Mr. Adoke was out of office (May 28 2011 to July 31 2011), so that we can see his pattern of communication with JP Morgan at that time. The email from Mr. Lloyd discusses that Mr. Adoke called on June 20, 2011, and we believe that the search we indicate below would provide the relevant information.

  I'll also note that it does not appear that you have searched for emails which mention agroupproperties or the organization A Group Properties, only emails to, from, or cc'ing that address. There may be relevant emails that mention the address in the text (for example, telling someone that an email was received from that address or from A Group Properties, or telling someone to expect such an email.).

It is relevant and proportional to the needs of the case to request this evidence which would tend to show with what frequency and how Mr. Adoke was corresponding with JP Morgan while out of office and whether he in fact authored or instigated that email.

Best,

Catherine Sweetser

On Wed, Jan 19, 2022 at 7:06 AM Soukup, Andrew <asoukup@cov.com> wrote:

Cathy:

We will check with our client, but we are struggling to see the relevance of the additional documents in the first paragraph of your note below. Your initial November 22 letter indicated that it was prompted by accusations that your client had "forg[ed] an email . . . sent from agroupproperties@yahoo.com," and you were focused on gathering information "which would tend to show that emails were regularly sent from the account used in this email to JP Morgan." Following the initial search you asked us to do, JPMC then went back to do a second search -- this time, of Mr. Lloyd's emails, and that search confirmed that he has not received any emails to, from, or cc'ing the agroupproperties@yahoo.com email address.

Can you please let us know how your request below, which seeks information from Mr. Lloyd "regarding the deal and/or Mr. Adoke" related to the issues in your November 22 letter involving accusations of a forged email?

Best,

**Andrew Soukup**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066 | asoukup@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Tuesday, January 18, 2022 4:35 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** John Washington <jwashington@sshhzlaw.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Jordan,

Thank you for following up and for searching Mr. Lloyd's emails for the "agroupproperties" address. As you'll note, John's email asked for additional searches just of Mr. Lloyd's emails, in particular "We are seeking emails from Mr. Lloyd regarding the deal and/or Mr. Adoke and/or agroupproperties@yahoo.com. We are also seeking any notes or records of that call [of June 20, 2011] that were retained." Since we want to proceed quickly, we are willing to narrow that request to the time period from May 28, 2011 to July 31, 2011, and to limit the question to emails in Mr. Lloyd's account regarding the deal from or to or cc'ing the following 6 people: Mohammed Adoke, Tosin Adewuyi, Ian Lyall, Daniel White, Carmel Speers, and Bayo Osolake.

6

In the meantime, we are hoping that you will be willing to provide the data, email, and its attachments listed in point 1, below, as we continue to meet and confer. The time is of the essence in the provision of that email.

Finally, as to the format of the consent in point 2, ideally we would like to get a declaration from a custodian at JP Morgan stating that JP Morgan is the addressee of emails ending in "jpmorgan.com" or "chase.com" and that J.P. Morgan does not object to the issuance of the subpoena to Yahoo or to Yahoo producing the email, as you detailed below. We can draft that declaration if we are in agreement about that.

If we can agree on those three things, we can agree not to seek further documents until we have received an outcome on the issuance of the subpoena to Yahoo.

Best,

Catherine Sweetser

On Mon, Jan 17, 2022 at 8:21 AM Moran, Jordan <JMoran@cov.com> wrote:

John,

I write to follow up on your January 6 email.

JPMC has searched Simon Lloyd's custodial emails from the 2011-2013 timeframe and did not find any emails to, from, or cc'ing the agroupproperties@yahoo.com address, which is the address that was the basis for your outreach to JPMC.

If your client will agree not to seek further documents from JPMC, JPMC is willing to:

1. Produce a copy of the June 21, 2011 email in which Mr. Osolake forwarded the June 21, 2011 email from agroupproperties@yahoo.com to Mr. Adewuyi, along with the associated metadata; and

7

2.   Provide a letter from Covington & Burling stating that JPMC would not object to Yahoo producing the June 21, 2011 email from agroupproperties@yahoo.com to Mr. Osolake pursuant to a valid subpoena from Mr. Suraju.

Best,
Jordan

**From:** John Washington <jwashington@sshhzlaw.com>
**Sent:** Thursday, January 13, 2022 2:25 PM
**To:** Soukup, Andrew <asoukup@cov.com>
**Cc:** Moran, Jordan <JMoran@cov.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com
**Subject:** Re: J.P. Morgan Chase

**[EXTERNAL]**

Thanks for your email Andrew.  We are concerned about timing, given the matter concerns a human rights defender being persecuted by the government, particularly since his hearing is January 24th.  If you will not let us know by Monday about JPMC's position then we may have to proceed.  If you could provide the 6/21/2011 email and metadata we've discussed by then we could wait further to confer about the other matters, but I understand that this material it is not burdensome and was already searched.  If you have any questions please let me know.

Best regards,

John Washington

On Thu, Jan 13, 2022 at 5:46 AM Soukup, Andrew <asoukup@cov.com> wrote:

> John -
>
> Our client has been travelling, and we haven't had the opportunity to discuss with her.  We will be back in touch when we've had the chance to connect.
>
> Best,
>
> **Andrew Soukup**
>
> Covington & Burling LLP

8

One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066 | asoukup@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** John Washington <jwashington@sshhzlaw.com>
**Sent:** Wednesday, January 12, 2022 6:15 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** Cathy Sweetser <catherine.sdshhh@gmail.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>
**Subject:** Re: J.P. Morgan Chase

**[EXTERNAL]**

Jordan,

I'm just writing to follow up on my email. Could you let us know your position?

Best regards,

John Washington

> On Jan 6, 2022, at 8:42 AM, John Washington <jwashington@sshhzlaw.com> wrote:
>
> Jordan,
>
> Thank you for identifying the metadata and routing information for the forward of the June 21, 2011 email. We appreciate your willingness to provide that email and the attachment,

9

together with the routing and metadata information for both. However, we do need more information from you.

We understand that you are unwilling to search through 62 custodians' emails, but would you consent to searching one more custodian's emails, Simon Lloyd's? We are attaching an email that he sent around the same time. The email indicates that on June 20, 2011, Mr. Adoke called JP Morgan regarding the deal (see page 3, PROD 0002637). We are seeking emails from Mr. Lloyd regarding the deal and/or Mr. Adoke and/or agroupproperties@yahoo.com. We are also seeking any notes or records of that call that were retained.

Finally, in the subpoena for the production of emails from Yahoo, we would like to attach a declaration of intent stating that JP Morgan has not retained emails from Mr. Osolake at the time and consent from JP Morgan as the addressee of the emails we are seeking. Is that something your client is willing to provide? Moreover, is Mr. Osolake still with JP Morgan and would he specifically be able to do the declaration and consent?

If your client is willing and able to provide these three things, we are willing to postpone any further requests or proceedings until the outcome of the Yahoo subpoena is determined.

We remain open to discussing these issues on a call if convenient. Please let us know your thoughts.

On Mon, Jan 3, 2022 at 9:39 AM Moran, Jordan <JMoran@cov.com> wrote:

> Cathy -
>
> We write to follow up on our December 8 call and your email below.
>
> JPMC has confirmed that it no longer has a copy of the June 21, 2011 email sent from agroupproperties@yahoo.com to Mr. Osolake. JPMC has also confirmed that it no longer retains custodial e-mail for Mr. Osolake for the 2011 and 2012 period you inquired about.
>
> JPMC does have a copy of the metadata associated with the June 21, 2011 email in which Mr. Osolake forwards the June 21, 2011 email from agroupproperties@yahoo.com to Mr.

10

Adewuyi. That metadata does not contain the routing information for the June 21, 2011 email received by Mr. Osolake or IP address of the sender of that email. JPMC is willing to produce the metadata for the email from Mr Osolake to Mr Adewuyi to your client, if your client agrees that the production of this metadata resolves all the issues raised in your November 22, 2021 letter and agrees not to seek further information from JPMC through 28 USC 1782 or otherwise.

Your December 13 email attaches a list of 62 custodians whose emails you would like JPMC to search to see if they received an email from agroupproperties@yahoo.com. Your request is highly burdensome and would be inappropriate even in U.S. litigation involving JPMC as a litigant, let alone in foreign litigation in which JPMC is a non-party. If your client is looking for more information about agroupproperties@yahoo.com email address or the June 21, 2011 email sent from a Yahoo email account, it seems that information should be sought from Yahoo.

Best,

Jordan

---

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Monday, January 3, 2022 11:00 AM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>; John Washington <jwashington@sshhzlaw.com>
**Subject:** Re: J.P. Morgan Chase

**[EXTERNAL]**

Jordan,

Would it be possible to set up a call for this week? The best time for me would be either 8 AM or noon PST on Tuesday the 4th, or if that day doesn't work, the same times on Thursday the 6th. Let me know if any of those times work for you.

Best,

Cathy Sweetser

On Tue, Dec 21, 2021 at 2:10 PM Moran, Jordan <JMoran@cov.com> wrote:

> Catherine -

We anticipate that we'll be able to get back to you the first week of January.

Best,
Jordan

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Tuesday, December 21, 2021 3:34 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>; John Washington <jwashington@sshhzlaw.com>
**Subject:** Re: J.P. Morgan Chase

**[EXTERNAL]**

Jordan,

Thank you for following up. Can you give us any more precise date when you expect to be able to answer these questions, or at least update us on your progress? As we mentioned in our letter, the next hearing date is on January 23. Perhaps we could set a call in the first week of January.

Best,

Catherine

On Tue, Dec 21, 2021 at 12:29 PM Moran, Jordan <JMoran@cov.com> wrote:

> Catherine,
>
> We're working with our client to identify the metadata and answer your question regarding the retention of Mr. Osolake's emails. We should have more information for you in the New Year and will be in touch. Happy holidays.
>
> Best,
>
> Jordan

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Monday, December 13, 2021 7:58 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>; John Washington <jwashington@sshhzlaw.com>
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Counsel,

I am just following up on our call from last Wednesday.  Thank you again for speaking with us.  I understand that you are looking into the production of the email that was attached to our letter together with whatever routing and meta data are there, and looking into identifying whether any other custodians have additional emails from A Group Properties from 2011 and 2012, and you will get back to us with an update on December 20.  I also understand that Mr. Osolake's emails from 2011 were not retained, but that you are looking into whether his emails from 2012 are still in your client's possession.

To potentially assist with your search, I am attaching a list of names of JP Morgan employees we think may have discoverable emails in their possession/past inboxes (aside from the two employees identified in the initial attached email) based on the public filings in related matters.  The list is divided into Tier 1 and Tier 2 in terms of urgency-- since it is long, we hope this will make it more manageable.

We look forward to your update next week.

Best,

Catherine

On Tue, Dec 7, 2021 at 8:16 AM Cathy Sweetser <catherine.sdshhh@gmail.com> wrote:

> Received, thank you!  Talk to you tomorrow.

> On Tue, Dec 7, 2021 at 8:16 AM Moran, Jordan <JMoran@cov.com> wrote:
>
>> Catherine,
>>
>> I just circulated a calendar invite with dial-in information.
>>
>> Best,
>> Jordan
>>
>> **From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
>> **Sent:** Monday, December 6, 2021 7:26 PM
>> **To:** Moran, Jordan <JMoran@cov.com>
>> **Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>; John Washington <jwashington@sshhzlaw.com>
>> **Subject:** Re: J.P. Morgan Chase
>>
>> **[EXTERNAL]**
>>
>> Thank you for responding to our letter. Wednesday at 12 PM PST/ 3 PM EST works for us. Do you have a conference call number we could use?
>>
>> Best,
>>
>> Catherine Sweetser
>>
>> On Mon, Dec 6, 2021 at 7:48 AM Moran, Jordan <JMoran@cov.com> wrote:
>>
>>> Counsel,
>>>
>>> We represent J.P. Morgan Chase. We received your November 22 letter and would like to schedule a time to talk this week. Please let us know if you are available Wednesday, December 8 between 3:00 and 5:00 pm EST or Thursday, December 9 between 12:00 and 1:00 pm EST.

Best,

**Jordan L. Moran**
Pronouns: He/Him/His

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5198 | jmoran@cov.com
www.cov.com

--

Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

--

Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

--

Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232

310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

--

Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

--
Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com