# EXHIBIT 4

## Moran, Jordan

| | |
|---|---|
| **From:** | Cathy Sweetser <catherine.sdshhh@gmail.com> |
| **Sent:** | Wednesday, January 26, 2022 8:05 AM |
| **To:** | Soukup, Andrew |
| **Cc:** | Moran, Jordan; John Washington; hoffpaul@aol.com; csweetser@sshhzlaw.com |
| **Subject:** | Re: J.P. Morgan Chase |
| **Attachments:** | 2021 draft declaration for JP Morgan re Yahoo subpoena.docx; HEDA -- Subpoena to Documents and Things to Oath Holdings 01-25-2022.pdf |

<mark>[EXTERNAL]</mark>
Counsel,
We are following up to see if you have any response on our request from last week.  Attached to this email we have provided the draft declaration of consent and our proposed subpoena to Yahoo. Please let us know your response as soon as possible.

Best,
Catherine Sweetser

On Wed, Jan 19, 2022 at 5:27 PM Cathy Sweetser <catherine.sdshhh@gmail.com> wrote:
Dear Andrew,
We are seeking evidence that Mr Adoke followed up with JP Morgan by either using agroupproperies as an email address or getting the holder of that account to send the resolution agreements.  This evidence would be probative both in the criminal action you mention and in the contemplated defamation action by Mr. Suraju against Mr. Adoke, by showing that Mr. Adoke was actually using that address or someone was doing so on his behalf.  We have limited our request in time to a couple months, during which time Mr. Adoke was out of office (May 28 2011 to July 31 2011), so that we can see his pattern of communication with JP Morgan at that time.  The email from Mr. Lloyd discusses that Mr. Adoke called on June 20, 2011, and we believe that the search we indicate below would provide the relevant information.

  I'll also note that it does not appear that you have searched for emails which mention agroupproperties or the organization A Group Properties, only emails to, from, or cc'ing that address. There may be relevant emails that mention the address in the text (for example, telling someone that an email was received from that address or from A Group Properties, or telling someone to expect such an email.).

It is relevant and proportional to the needs of the case to request this evidence which would tend to show with what frequency and how Mr. Adoke was corresponding with JP Morgan while out of office and whether he in fact authored or instigated that email.

Best,
Catherine Sweetser

On Wed, Jan 19, 2022 at 7:06 AM Soukup, Andrew <asoukup@cov.com> wrote:

Cathy:


We will check with our client, but we are struggling to see the relevance of the additional documents in the first paragraph of your note below.  Your initial November 22 letter indicated that it was prompted by accusations that your

client had "forg[ed] an email . . . sent from agroupproperties@yahoo.com," and you were focused on gathering information "which would tend to show that emails were regularly sent from the account used in this email to JP Morgan."  Following the initial search you asked us to do, JPMC then went back to do a second search -- this time, of Mr. Lloyd's emails, and that search confirmed that he has not received any emails to, from, or cc'ing the agroupproperties@yahoo.com email address.


Can you please let us know how your request below, which seeks information from Mr. Lloyd "regarding the deal and/or Mr. Adoke" related to the issues in your November 22 letter involving accusations of a forged email?


Best,


**Andrew Soukup**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066 | asoukup@cov.com
www.cov.com

# COVINGTON

---

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Tuesday, January 18, 2022 4:35 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** John Washington <jwashington@sshhzlaw.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>
**Subject:** Re: J.P. Morgan Chase


**[EXTERNAL]**

Jordan,


Thank you for following up and for searching Mr. Lloyd's emails for the "agroupproperties" address.  As you'll note, John's email asked for additional searches just of Mr. Lloyd's emails, in particular "We are seeking emails from Mr. Lloyd regarding the deal and/or Mr. Adoke and/or agroupproperties@yahoo.com.  We are also seeking any notes or records of that call [of June 20, 2011]

that were retained."  Since we want to proceed quickly, we are willing to narrow that request to the time period from May 28, 2011 to July 31, 2011, and to limit the question to emails in Mr. Lloyd's account regarding the deal from or to or cc'ing the following 6 people: Mohammed Adoke, Tosin Adewuyi, Ian Lyall, Daniel White, Carmel Speers, and Bayo Osolake.

In the meantime, we are hoping that you will be willing to provide the data, email, and its attachments listed in point 1, below, as we continue to meet and confer.  The time is of the essence in the provision of that email.

Finally, as to the format of the consent in point 2, ideally we would like to get a declaration from a custodian at JP Morgan stating that JP Morgan is the  addressee of emails ending in "jpmorgan.com" or "chase.com" and that J.P. Morgan does not object to the issuance of the subpoena to Yahoo or to Yahoo producing the email, as you detailed below.  We can draft that declaration if we are in agreement about that.

If we can agree on those three things, we can agree not to seek further documents until we have received an outcome on the issuance of the subpoena to Yahoo.

Best,

Catherine Sweetser

On Mon, Jan 17, 2022 at 8:21 AM Moran, Jordan <JMoran@cov.com> wrote:

John,

I write to follow up on your January 6 email.

JPMC has searched Simon Lloyd's custodial emails from the 2011-2013 timeframe and did not find any emails to, from, or cc'ing the agroupproperties@yahoo.com address, which is the address that was the basis for your outreach to JPMC.

If your client will agree not to seek further documents from JPMC, JPMC is willing to:

1.   Produce a copy of the June 21, 2011 email in which Mr. Osolake forwarded the June 21, 2011 email from agroupproperties@yahoo.com to Mr. Adewuyi, along with the associated metadata; and

2.   Provide a letter from Covington & Burling stating that JPMC would not object to Yahoo producing the June 21, 2011 email from agroupproperties@yahoo.com to Mr. Osolake pursuant to a valid subpoena from Mr. Suraju.

Best,
Jordan

---

**From:** John Washington <jwashington@sshhzlaw.com>
**Sent:** Thursday, January 13, 2022 2:25 PM
**To:** Soukup, Andrew <asoukup@cov.com>
**Cc:** Moran, Jordan <JMoran@cov.com>; Cathy Sweetser <catherine.sdshhh@gmail.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com
**Subject:** Re: J.P. Morgan Chase

<mark>[EXTERNAL]</mark>

Thanks for your email Andrew.  We are concerned about timing, given the matter concerns a human rights defender being persecuted by the government, particularly since his hearing is January 24th.  If you will not let us know by Monday about JPMC's position then we may have to proceed.  If you could provide the 6/21/2011 email and metadata we've discussed by then we could wait further to confer about the other matters, but I understand that this material it is not burdensome and was already searched.  If you have any questions please let me know.

Best regards,

John Washington

On Thu, Jan 13, 2022 at 5:46 AM Soukup, Andrew <asoukup@cov.com> wrote:

John -

Our client has been travelling, and we haven't had the opportunity to discuss with her.  We will be back in touch when we've had the chance to connect.

Best,

**Andrew Soukup**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066 | asoukup@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** John Washington <jwashington@sshhzlaw.com>
**Sent:** Wednesday, January 12, 2022 6:15 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** Cathy Sweetser <catherine.sdshhh@gmail.com>; hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Jordan,

I'm just writing to follow up on my email.  Could you let us know your position?

Best regards,

John Washington

On Jan 6, 2022, at 8:42 AM, John Washington <jwashington@sshhzlaw.com> wrote:

Jordan,

Thank you for identifying the metadata and routing information for the forward of the June 21, 2011 email.  We appreciate your willingness to provide that email and the attachment, together with the routing and metadata information for both.  However, we do need more information from you.

We understand that you are unwilling to search through 62 custodians' emails, but would you consent to searching one more custodian's emails, Simon Lloyd's? We are attaching an email that he sent around the same time.  The email indicates that on June 20, 2011, Mr. Adoke called JP Morgan regarding the deal (see page 3, PROD 0002637).  We are seeking emails from Mr. Lloyd regarding the deal and/or Mr. Adoke and/or agroupproperties@yahoo.com.  We are also seeking any notes or records of that call that were retained.

Finally, in the subpoena for the production of emails from Yahoo, we would like to attach a declaration of intent stating that JP Morgan has not retained emails from Mr. Osolake at the time and consent from JP Morgan as the addressee of the emails we are seeking.  Is that something your client is willing to provide?  Moreover, is Mr. Osolake still with JP Morgan and would he specifically be able to do the declaration and consent?

If your client is willing and able to provide these three things, we are willing to postpone any further requests or proceedings until the outcome of the Yahoo subpoena is determined.

We remain open to discussing these issues on a call if convenient.  Please let us know your thoughts.

On Mon, Jan 3, 2022 at 9:39 AM Moran, Jordan <JMoran@cov.com> wrote:

Cathy -

We write to follow up on our December 8 call and your email below.

JPMC has confirmed that it no longer has a copy of the June 21, 2011 email sent from agroupproperties@yahoo.com to Mr. Osolake.  JPMC has also confirmed that it no longer retains custodial e-mail for Mr. Osolake for the 2011 and 2012 period you inquired about.

JPMC does have a copy of the metadata associated with the June 21, 2011 email in which Mr. Osolake forwards the June 21, 2011 email from agroupproperties@yahoo.com to Mr. Adewuyi.  That metadata does not contain the routing information for the June 21, 2011 email received by Mr. Osolake or IP address of the sender of that email.  JPMC is willing to produce the metadata for the email from Mr Osolake to Mr Adewuyi to your client, if your client agrees that the production of this metadata resolves all the issues raised in your November 22, 2021 letter and agrees not to seek further information from JPMC through 28 USC 1782 or otherwise.

Your December 13 email attaches a list of 62 custodians whose emails you would like JPMC to search to see if they received an email from agroupproperties@yahoo.com.  Your request is highly burdensome and would be inappropriate even in U.S. litigation involving JPMC as a litigant, let alone in foreign litigation in which JPMC is a non-party.  If your client is looking for more information about agroupproperties@yahoo.com email address or the June 21, 2011 email sent from a Yahoo email account, it seems that information should be sought from Yahoo.

Best,

Jordan

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Monday, January 3, 2022 11:00 AM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>; John Washington <jwashington@sshhzlaw.com>
**Subject:** Re: J.P. Morgan Chase

==[EXTERNAL]==

Jordan,

Would it be possible to set up a call for this week? The best time for me would be either 8 AM or noon PST on Tuesday the 4th, or if that day doesn't work, the same times on Thursday the 6th.  Let me know if any of those times work for you.

Best,

Cathy Sweetser

On Tue, Dec 21, 2021 at 2:10 PM Moran, Jordan <JMoran@cov.com> wrote:

Catherine -

We anticipate that we'll be able to get back to you the first week of January.

Best,
Jordan

---

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Tuesday, December 21, 2021 3:34 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>; John Washington <jwashington@sshhzlaw.com>
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Jordan,

Thank you for following up.  Can you give us any more precise date when you expect to be able to answer these questions, or at least update us on your progress?  As we mentioned in our letter, the next hearing date is on January 23.  Perhaps we could set a call in the first week of January.

Best,

Catherine

On Tue, Dec 21, 2021 at 12:29 PM Moran, Jordan <JMoran@cov.com> wrote:

Catherine,

We're working with our client to identify the metadata and answer your question regarding the retention of Mr. Osolake's emails. We should have more information for you in the New Year and will be in touch. Happy holidays.

Best,

Jordan

---

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Monday, December 13, 2021 7:58 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>; John Washington <jwashington@sshhzlaw.com>
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Counsel,

I am just following up on our call from last Wednesday.  Thank you again for speaking with us.  I understand that you are looking into the production of the email that was attached to our letter together with whatever routing and meta data are there, and looking into identifying whether any other custodians have additional emails from A Group Properties from 2011 and 2012, and you will get back to us with an update on December 20.  I also understand that Mr. Osolake's emails from 2011 were not retained, but that you are looking into whether his emails from 2012 are still in your client's possession.

To potentially assist with your search, I am attaching a list of names of JP Morgan employees we think may have discoverable emails in their possession/past inboxes (aside from the two employees identified in the initial attached email) based on the public filings in related matters.  The list is divided into Tier 1 and Tier 2 in terms of urgency-- since it is long, we hope this will make it more manageable.

We look forward to your update next week.

Best,

Catherine

On Tue, Dec 7, 2021 at 8:16 AM Cathy Sweetser <catherine.sdshhh@gmail.com> wrote:

Received, thank you!  Talk to you tomorrow.

On Tue, Dec 7, 2021 at 8:16 AM Moran, Jordan <JMoran@cov.com> wrote:

Catherine,

I just circulated a calendar invite with dial-in information.

Best,
Jordan

**From:** Cathy Sweetser <catherine.sdshhh@gmail.com>
**Sent:** Monday, December 6, 2021 7:26 PM
**To:** Moran, Jordan <JMoran@cov.com>
**Cc:** hoffpaul@aol.com; csweetser@sshhzlaw.com; Soukup, Andrew <asoukup@cov.com>;
John Washington <jwashington@sshhzlaw.com>
**Subject:** Re: J.P. Morgan Chase

[EXTERNAL]

Thank you for responding to our letter.  Wednesday at 12 PM PST/ 3 PM EST works
for us.  Do you have a conference call number we could use?

Best,

Catherine Sweetser

On Mon, Dec 6, 2021 at 7:48 AM Moran, Jordan <JMoran@cov.com> wrote:

Counsel,

We represent J.P. Morgan Chase.  We received your November 22 letter and would
like to schedule a time to talk this week.  Please let us know if you are available

Wednesday, December 8 between 3:00 and 5:00 pm EST or Thursday, December 9 between 12:00 and 1:00 pm EST.

Best,

**Jordan L. Moran**
Pronouns: He/Him/His

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5198 | jmoran@cov.com
www.cov.com

--

Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

--
Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

--
Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Blvd., #115
Culver City, CA 90232
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhzlaw.com

# ATTACHMENT 1

2021 draft declaration for JP Morgan
re Yahoo subpoena.docx

**DECLARATION OF [INSERT JP MORGAN PERSONNEL NAME]**

I, [INSERT JP MORGAN REP], hereby declare and state as follows:

1.      I am an employee of J.P. Morgan Chase.  My current position is as [X].  I am authorized to represent J.P. Morgan Chase in this matter.  I make the statements below on behalf of J.P. Morgan Chase to the best of the company's knowledge.

2.      I understand that Mr. Suraju and the Human and Environmental Development Agenda are pursuing discovery from Yahoo! Inc.  In particular, they are seeking emails which were sent to emails ending in @jpmorgan.com and @chase.com by yahoo account holders.  They are also seeking an email of June 21, 2011 sent to Bayo Osolake.

3.      The June 21, 2011 email has not been retained by J.P. Morgan Chase, as our counsel has informed Plaintiffs' counsel.  While we have a forwarded copy which we have provided to counsel, we do not have the original email and its metadata.  Before the email and other emails sent to @jpmorgan.com and @chase.com were deleted, they were in the company's possession and control.

4.      In meeting and conferring about the production of the emails, we suggested that counsel seek the emails from Yahoo and agreed to give our consent to their production.

5.      J.P. Morgan Chase hereby consents to the production of emails originated by *or* addressed to its employees and/or agents, or for which an employee or agent of J.P. Morgan Chase is an intended recipient, including but not limited to Bayo Osolake.  The employees' email addresses would end in jpmorgan.com or in chase.com.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January _____, 2022 in _____.

_____
**{INSERT NAME OF PERSONNEL HERE}**

# ATTACHMENT 2

HEDA -- Subpoena to Documents and Things to Oath Holdings 01-25-2022.pdf

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Human and Environmental Development Agenda Resources Centre, et al. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No. |
| Yahoo, Inc. | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Compliance Team Yahoo! Inc.; 701 First Avenue Sunnyvale, California 94089; Tel: 408-349-3687

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Schonbrun Seplow Harris Hoffman & Zeldes, LLP<br>9415 Culver Boulevard, #115, Culver City, CA 90232 | Date and Time: |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Catherine Sweetser |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs HEDA, et al. _____ , who issues or requests this subpoena, are:

Catherine E. Sweetser, 9415 Culver Blvd., #115, Culver City, CA 90232; cssweetser@sshhzlaw.com; (310) 396-0731

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# **ATTACHMENT A**

***Instructions and Definitions***

The following definitions shall be used in construing the meaning of these Document Requests:

1.  These requests relate to all documents which are in your possession, custody, or control, including any documents in the possession, custody or control of agents, subsidiaries or affiliates, or other intermediaries or representatives, and documents over which you have the legal right of access.

2.  "YOU" or "YOUR" means Yahoo! Inc. as well as any present and former agencies, entities or subdivisions, and all employees, counsel, agents or other representatives, and any person in whole or in part acting on behalf of any of the foregoing, including but not limited to Oath Holdings.

3.  "DOCUMENT" is defined to be synonymous and equal in scope to usage of this term in Fed. R. Civ. P. 34(a). DOCUMENT is to be interpreted in the broadest possible sense, and includes electronic data and video and audio footage.

4.  "CORRESPONDENCE" is defined to be any transmission between two persons, subscribers, User IDs, or email accounts, whether by email, messaging service, chat, or otherwise.

5.  "E-MAIL" means electronic messages sent or received asynchronously, including any documents incorporated as attachments, or via messaging applications, including, but not limited to, Yahoo mail, chat, or similar applications.

6.  "Metadata" means structured information about Electronically Stored Information ("ESI") that is created by the file system or application, embedded in the document or email and sometimes modified through ordinary business use. Metadata of the ESI describes, inter alia, the characteristics, origins, usage and validity of the collected ESI, and includes but is not limited to IP addresses of the sender and routing information.

*Requests*

1. All information for the user ID associated with the email address agroupproperties@yahoo.com including name and address; Yahoo! email address; alternate email address; IP address and date and time of registration; account status; and log-in IP addresses associated with session times and dates from January 1, 2011 to January 1, 2014.

2. A true, correct, and complete copy of the email sent by agroupproperties@yahoo.com, entitled "bloc 245 malabu resolution agreement" on 21 June 2011, including any and all attachments.

3. Any and all correspondence, whether email or otherwise, between any persons ending with the suffix @jpmorgan.com or @chase.com and the email address agroupproperties@yahoo.com from January 1, 2011 to January 1, 2014.

4. Any and all metadata, attachments, tracking information, or any other attached data for the above documents.

5. The routing information for the email received by Bayo Osolake through the email address bayo.o.osolake@jpmorgan.com from agroupproperties@yahoo.com, entitled "bloc 245 malabu resolution agreement" on 21 June 2011.

6. The IP address of the sender of the 21 June 2011 email.

7. Any and all Yahoo! IDs listed on the subscriber's Friends list for the sender of the 21 June 2011 email.

8. Any and all emails and their attachments between any persons ending with the suffix @jpmorgan.com and the email address mbadoke@yahoo.com, together with any and all metadata, attachments, tracking information, or any other data for that email correspondence.

9.  Any and all emails and their attachments between mbadoke@yahoo.com and agroupproperties@yahoo.com from January 1, 2010 to January 1, 2013, and from June 1, 2017 to present.

10. Any and all emails and their attachments from ayaymalami@yahoo.co.uk and agroupproperties@yahoo.com from January 1, 2017 to present.

11. Any and all emails and their attachments from ayamalami@yahoo.co.uk and mbadoke@yahoo.com from June 1, 2017 to present.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).